OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Butler County Bar Association v. Packard.
[Cite as Butler Cty. Bar Assn v. Packard (1994),          Ohio
St.3d          .]
Attorneys at law -- Misconduct -- Persistent pattern of lying
to client about her case -- Conduct involving dishonesty,
fraud, deceit or misrepresentation -- Conduct that adversely
reflects on fitness to practice law -- Neglecting an entrusted
legal matter -- Six-month suspension stayed, provided no
disciplinary complaints are filed against respondent within the
six-month period.
     (No. 94-1373 -- Submitted August 17, 1994 -- Decided
October 19, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-78.
     In a complaint filed December 6, 1993, relator, Butler
County Bar Association, charged respondent, Dwight Packard of
West Chester, Ohio, Attorney Registration No. 0025226, with a
single count of misconduct, alleging that he had violated DR
1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or
misrepresentation), 1-102(A)(6) (conduct that adversely
reflects on his fitness to practice law), and 6-101(A)(3)
(neglecting a legal matter entrusted to him).  In his answer,
respondent essentially admitted most of the factual allegations
of the complaint and claimed that the complainant did not
"desire to voluntarily pursue her grievance ***."
     An evidentiary hearing on the matter was held before a
panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") on May 26, 1994.  The
complainant, Karen Wyatt, testified that she owned a
secretarial answering service in the same West Chester office
complex in which respondent's office was located.  In December
1985, Wyatt purchased a copier from Scott Business Machines
("Scott") for approximately $4,000.  After experiencing many
problems with the copier, Wyatt attempted to return it to Scott
and get another one, but Scott refused to replace the copier.
     Subsequently, in 1986, respondent agreed to represent
Wyatt in her dispute with Scott.  There was no agreement as to
what respondent would charge Wyatt, with respondent only

specifying that his fee would be "fair."  Prior to respondent's agreement to represent her in the Scott case, Wyatt had utilized respondent as an attorney on other matters, had always been satisfied with his work, and had recommended respondent as an attorney to several of her clients.

From 1986 until 1988, Wyatt periodically asked respondent about the case, and respondent advised her that it was ongoing and that he was trying to get together with the attorneys for Scott.  After Wyatt sold her business in 1988 and moved about thirty miles away to Indiana, she called respondent every three or four months to inquire about the status of the case.  In the fall of 1988, respondent told her to come to a deposition to be held in Butler County, but when she arrived, respondent said it had been cancelled.  Respondent informed Wyatt that a neighbor of his was a vice-president at Scott and that he was trying to settle the case "over the back fence."

In November 1990, respondent represented to Wyatt that a Butler County Common Pleas Court judge had issued a summary judgment against Scott for the full amount of the copier.  However, respondent claimed that Scott had no money because of several liens and that a friend he had who worked at the Internal Revenue Service would advise him when a federal tax lien would be satisfied so that Scott would then have money to pay Wyatt.  Although Wyatt's husband twice requested a copy of the purported summary judgment entry, respondent never sent one.

In November 1992, Wyatt advised respondent that she had had enough and wanted to start receiving payments from Scott.  Respondent then said that the judge had ordered Scott to start paying her $200 per month beginning January 15, 1993.  On March 13, 1993, respondent sent a check for $200 to Wyatt from his IOLTA account.  When Wyatt failed to receive further payments or satisfactory answers from respondent, she talked to Harry Plotnick, an attorney who was formerly associated with respondent.  Plotnick checked court records and informed Wyatt that there was no summary judgment entry and, in fact, no pleadings filed by respondent in the matter.  Finally, in April or May 1993, respondent agreed to pay Wyatt $2,600 by June 15, 1993 to settle her dispute.  When respondent failed to pay the settlement amount on the agreed date, Wyatt filed a grievance with relator.  Thereafter, respondent paid Wyatt $2,600 to compensate her for the loss of the copier machine.

According to Wyatt, she had no dispute with the settlement figure, and although she believed some sanction should be imposed, she did not want respondent's livelihood taken away from him.

Respondent admitted the veracity of Wyatt's testimony and the wrongfulness of his conduct in engaging in a persistent pattern of lying to his client about her case.  According to respondent, he was "trying to be too many things to too many people" during the pertinent period and that he lied to Wyatt in order to postpone addressing the case and also in an effort not to disappoint her.  During the same period of time, respondent's father was near death from various illnesses, although respondent acknowledged that this did not excuse or mitigate his misconduct.  Following a hearing on Wyatt's grievance before relator in September 1993, respondent

voluntarily participated in counseling with his minister, attended office management courses, and received advice from a number of local attorneys. Respondent restructured his office to avoid the occurrence of similar problems in the future. There was no evidence of alcohol or drug abuse or the need for psychological counseling. Neither party made any recommendation concerning sanctions.

The panel concluded that respondent had violated DR 1-102(A)(4), 1-102(A)(6), and 6-101(A)(3), and recommended that he be suspended from the practice of law for six months, with the suspension stayed. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Michael T. Gmoser Co., L.P.A., and Michael T. Gmoser; Patricia S. Oney, for relator.
Dwight A. Packard, pro se.

Per Curiam. We concur in the board's findings and recommendation as herein modified. Accordingly, we suspend respondent from the practice of law for six months; however, the suspension is stayed so long as no disciplinary complaints against respondent are certified to the board by a probable cause panel within the six-month period. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick and Pfeifer, JJ., concur.
Wright and F.E.Sweeney, JJ., dissent and would suspend respondent for six months without a stay.